UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 18-1724 JGB (KKx)** | Date | April 1, 2020 |
|---|---|---|---|
| Title | *Annamarie Di Gioia v. Ford Motor Company, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING IN PART AND DENYING IN PART Plaintiff's Motion for Attorneys' Fees (Dkt. No. 50) (IN CHAMBERS)

Before the Court is Annamarie Di Gioia's ("Plaintiff") motion for attorneys' fees, costs, and expenses. ("Motion," Dkt. No. 50.). The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court GRANTS IN PART AND DENIES IN PART the Motion.

## I.   BACKGROUND

On July 16, 2018, Plaintiff sued Ford Motor Company ("Defendant") in the Superior Court of the State of California for the County of San Bernardino. ("Complaint," Dkt. No. 1-1.) The Complaint asserts three causes of action: (1) breach of express warranty; (2) breach of implied warranty; and (3) violation of the Song-Beverly Act, Cal. Civ. Code § 1793.2. (Compl.) On August 16, 2018, Defendant removed the action based on this Court's diversity jurisdiction. (Dkt. No. 1.) The case involves a 2013 Ford, which Plaintiff argued was leased to her with serious defects and non-conformities to express and implied warranties, for which she sought a refund and recession of the lease. (Compl.) On September 26, 2019, the parties filed a joint notice of settlement. (Dkt. No. 46.)

The case settled for $47,421.14, and the parties agreed that Plaintiff would be entitled to bring a motion for attorneys' fees. (Mot. at 6.) Plaintiff filed the Motion on February 14, 2020, and included in support the Declaration of Steve Mikhov, ("Mikhov Declaration," Dkt. No. 50-2

(attaching Exhibits A to VV)), and the Declaration of Richard Wirtz, ("Wirtz Declaration," Dkt. No. 50-3 (attaching Exhibits A to C)). On February 13, 2020, Plaintiff filed an application to the Clerk to tax costs. ("Application," Dkt. No. 49.)

Defendant objected to the Motion, ("Opposition," Dkt. No. 52), and included in support the Declaration of Michael Mortenson, ("Mortenson Declaration," Dkt. No. 52-1 (attaching Exhibits A and B)). Defendant also objected to the Application, ("Objection," Dkt. No. 51). Plaintiff responded to the Objection, (Dkt. No. 53), and filed a reply, ("Reply," Dkt. No. 54). The Reply included a series of evidentiary objections, (Dkt. No. 54-2), and a second Declaration of Richard Wirtz, (Wirtz Declaration II, Dkt. No. 54-3 (attaching Exhibits A to F)).

## II. LEGAL STANDARD

State law governs attorneys' fees in diversity cases. Riordan v. State Farm Mut. Auto. Ins. Co., 589 F.3d 999, 1004 (9th Cir. 2009) ("In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law."). The general rule followed for the recovery of attorneys' fees, also referred to as the "American Rule," is that each party bears their own attorneys' fees incurred in an action. See Essex Ins. Co. v. Five Star Dye House, Inc., 38 Cal. App. 4th 1252, 1257 (2006). However, a "prevailing party" may recover attorneys' fees if: (1) there is a contract that provides for an award of attorneys' fees; (2) the attorneys' fees award is authorized by statute; or (3) the attorneys' fees award is authorized by law. See Cal. Code Civ. Proc., §§ 1032(a)(4), 1033.5(a)(10); Cal. Civ. Code § 1717(a).

The Song-Beverly Act authorizes an award of "costs and expenses" to prevailing plaintiffs bringing a claim under the Act. Cal. Civ. Code § 1794(d). The "costs" awarded include "attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution" of the claim. Id. "A prevailing buyer has the burden of showing that the fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount." Goglin v. BMW of North Am., LLC, 4 Cal. App. 5th 462 (2016). In order to meet this burden, a buyer can point to "items on a verified cost bill" as "prima facie evidence" that the listed expenses were "necessarily incurred." Rappenecker v. Sea-Land Service, Inc., 93 Cal. App. 3d 256, 266 (1979). The other party can then object to specific costs, putting the burden back on the buyer to demonstrate their necessity. Id.

Courts calculate attorneys' fees under California Civil Code Section 1794(d) using the "lodestar adjustment method." Robertson v. Fleetwood Travel Trailers of Cal., Inc., 144 Cal. App. 4th 785, 818 (2006). Under California law, the lodestar calculation "begins with a touchstone or lodestar, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney.'" Ketchum v. Moses, 24 Cal. 4th 1122, 1131-32 (2001) (quoting Serrano v. Priest, 20 Cal. 3d 25, 48 (1977)). The court may then adjust this amount upwards or downwards based on a number of factors, including "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature

of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." Id. at 1132.  In contingency cases, the initial lodestar figure may be adjusted upward in order to compensate attorneys for the risk of taking on a case for which they might not have been compensated.  Id. at 1332-33.  However, a fee enhancement may not be appropriate when a statutory guarantee eliminates any uncertainty about whether costs will be awarded to the prevailing party.  Weeks v. Baker & McKenzie, 63 Cal. App. 4th 1128, 1175 (1998).

### III. DISCUSSION

The parties do not dispute that Plaintiff, as the prevailing party in this action, is entitled to recoup reasonable attorneys' fees, costs, and expenses under the Song-Beverly Act.  (Opp'n at 6.)  Cal. Civ. Code § 1794(d).  Instead, the question before the Court is whether Plaintiff's request for $70,706.25 in attorneys' fees is reasonable.  The Court does not consider the Application for reimbursement of costs and expenses in the amount of $14,130.01.[1]

In particular, Defendant opposes Plaintiff's request based on what Defendant believes are excessive hourly rates, unreasonable and unnecessary entries and use of time, and insufficient evidence.  (Opp'n at 7, 10-14.)  Defendant also argues the Court should apply a negative lodestar multiplier, instead of Plaintiff's proposed 0.5 multiplier.  (Id. at 14.)

To calculate the "lodestar," the Court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work.  McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999).  Plaintiff submitted the following rates and hours that she used to calculate a lodestar amount $47,137.50:[2]

//
//
//
//

---

[1] Plaintiff also filed an Application with the clerk to tax costs, and Defendant filed an objection. (See Application; Objection.)  Because this application is before the Clerk of Court, not the Court, the Court does not analyze the reasonableness of Plaintiff's proposed costs.  See L.R. 54-2.4 ("No hearing on the application will be held unless the Clerk notifies the parties otherwise. After considering any objections to the proposed bill of costs and any responses thereto, the Clerk will electronically file the bill of costs annotated to identify all taxed costs.  The Clerk's determination shall be final unless modified by the Court upon review under L.R. 54-2.5.").

[2] This amount is comprised of the legal services provided by Knight Law Group, LLP ("Knight Law") in the amount of $19,282.50, and the legal services provided by the Wirtz Law APC ("Wirtz Law") in the amount of $27,855.00.  Plaintiff's attorneys also request a lodestar enhancement of 0.5, in the amount of $23,568.75, for a total attorneys' fee award of $70,706.25.  (Mikhov Decl. ¶ 2.)

| Name | Position | Hours | Requested Rate | Fees |
|---|---|---|---|---|
| Steve Mikhov | Partner | 5.3 | $550/hour | $2,915.00 |
| Amy Morse | Partner | 10.6 | $350/hour | $3,710.00 |
| Daniel Kalinowski | Associate | 11.9 | $250/hour | $2,975.00 |
| Kristina Sephenson-Cheang | Associate | 6.3 | $375/hour | $2,362.50 |
| Mitchell Rosenweig | Associate | 2.5 | $325/hour | $812.50 |
| Deepak Devabose | Associate | 6.6 | $275/hour | $1,815.00 |
| Russell Higgins | Associate | 5.6 | $450/hour | $2,520.00 |
| Maite Colón | Associate | 7.9 | $275/hour | $2,172.50 |
| Richard Wirtz | Managing Attorney | 1.7 | $650/hour | $1,105.00 |
| Amy Rotman | Senior Attorney | 14.3 | $450/hour | $6,435.00 |
| Erin Barns | Senior Attorney | 19.5 | $450/hour | $8,775.00 |
| Jessica Underwood | Associate | 20 | $400/hour | $8,000.00 |
| Rebecca Evans | Paralegal | 15 | $200/hour | $3,000.00 |
| Andrea Muñoz | Paralegal | 2.7 | $200/hour | $540.00 |
| | **Total** | **129.9 hours** | | **$47,137.50** |

(See Mikhov Decl. ¶¶ 2-32; "Mikhov Billing," Mikhov Decl., Ex. A; Wirtz Decl. ¶¶ 2-9; "Wirtz Billing," Wirtz Decl, Ex. A.) The Court examines these rates, hours, and the appropriateness of a lodestar multiplier in turn.

**A. Reasonable Hourly Rate**

The reasonable hourly rate is the rate prevailing in the community for similar work. See Gonzalez v. City of Maywood, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community."); Viveros v. Donahue, 2013 WL 1224848, at *2 (C.D. Cal. Mar. 27, 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The relevant community is the community in which the court sits. See Schwarz v. Secretary of Health & Human Servs., 73 F.3d 895, 906 (9th Cir. 1995). If an applicant fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community. See, e.g., Viveros, 2013 WL 1224848, at *2; Ashendorf & Assocs. v. SMI-Hyundai Corp., 2011 WL 3021533, at *3 (C.D. Cal. July 21, 2011); Bademyan v. Receivable Mgmt. Servs. Corp., 2009 WL 605789, at *5 (C.D. Cal. Mar. 9, 2009).

Here, Plaintiff's Counsel seeks hourly rates between $200 and $650.  (See Mikhov Decl.; Wirtz Decl.)  In a 2020 lemon law attorney's fee order in the Central District with the same plaintiff's attorneys and same defendant, the court determined that counsel's requested rate of between $350 and $650 for partners and between $250 and $450 for associates "outpaces the prevailing rate for similar work" and adjusted the rate for partners to $325 across the board, and for associates to $225, but left the requested rate for paralegals at $200.  Order Granting in Part the Motion ("Arias Order"), Arias v. Ford Motor Co., No. 18-1928 (C.D. Cal. Jan. 27, 2020) (adjusting Plaintiff's counsel's hourly rates to make them consistent with the 2018 Real Rate Report).  Although the Motion attaches dozens of signed orders in which higher rates were approved, (Exs. E to VV), the fees awarded are inconsistent or are subsequently reduced by an across-the-board percentage, and the Court cannot readily discern from these orders the underlying basis for any given rate determination.  Thus, the orders do not necessarily reflect prevailing rates in the community for similar services.  Similarly, the survey data included as an Exhibit to the Wirtz Declaration is appended without meaningful comment, let alone explanation how the survey data apply to this case.[3]  (Wirtz Decl., Ex. B.)  The Court finds the reasoning in Arias persuasive, and similarly adjusts the rate for partners to $325, and the rate for associates to $225.

**B.  Reasonable Hours Expended**

An attorneys' fee award should include compensation for all hours reasonably expended prosecuting the matter, but "hours that are excessive, redundant, or otherwise unnecessary" should be excluded.  Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012).  The standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed.  Pollinator Stewardship Council v. U.S. Envtl. Prot. Agency, 2017 WL 3096105, at *1 (9th Cir. June 27, 2017) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

Defendant argues that the hours billed are unreasonable, in that 15% of the 129.9 hours, were devoted to this Motion, including 13 hours for events that haven't occurred yet or never occurred, such as attending a hearing on the Motion.  (Opp'n at 10.)  The Court agrees that the hours billed for the Motion should reflect time actually worked on the Motion, and reduces the hours accordingly.  (Wirtz Billing at 7 (noting that all Motion-related tasks were all completed by Erin Barns); "Wirtz Billing II," Wirtz Decl. II, Ex. A (in which Barns anticipates 8 hours for the hearing, out of 20.9 hours billed, her new total.  The Court will deduct 8 hours from the new total, 20.9.))

//

---

[3] It seems part of the survey included overviews hourly rates in caselaw, which may not reflect actual billing practices at law firms of similar size and experience.  Moreover, as the Arias court noted, surveys which reflect attorneys' self-reported billing are less reliable than compilations based on actual legal billing.  Arias Order (citing Hicks v. Toys 'R' Us-Delaware, Inc., 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014).)

### C. Lodestar Multiplier

To determine whether a lodestar multiplier should apply, the Court considers: (1) the complexity of the case and procedural demands, (2) the extent to which the nature of the litigation precluded other employment by the attorneys, and (3) the contingent nature of the fee award.  See Morris v. Hyundai Motor Am., 41 Cal. App. 5th 24, 34 (2019).

Plaintiff's Counsel request a 0.2 enhancement based on risk that the claims would not succeed and that they would lose the advanced costs and expenses.  They request a further 0.3 enhancement based on Defendant's delay settling until two weeks before the pretrial conference.  (Mot. at 15-16 (citing Horsford v. Bd. of Trustees of Cal. State Univ., 132 Cal. App. 4th 359, 394-95 (2005) (referencing delay in payment as part of the risk in a contingency fee structure).)  Plaintiff's Counsel does not argue that they were precluded from other employment.  (Id.)

Defendant requests a negative lodestar multiplier, because there was "nothing novel or complex about this case, and it involved no special skill or ability," and because the contingency risk in this case was minor.  (Opp'n at 15-16.  (citing Weeks v. Baker & McKenzie, 63 Cal. App. 4th 1128, at 1174 (1998) ("the availability of statutory fees [makes] the possibility of receiving full compensation for litigating the case . . . greater than that inherent in most contingency fee actions.")).)

The Court applies a positive multiplier of 0.3, based on the risk that the claims would not reach settlement or otherwise succeed, as well as the delay in receiving payment in this case, where Defendant prolonged for nearly two years the resolution of what it repeatedly claims was a "straightforward" lemon law dispute.  (Opp'n at 1, 8.)  Although Plaintiff's counsel regularly undertakes this kind of work and a statutory award is guaranteed if the plaintiff prevails, there is still some risk inherent in advancing costs and attorney labor.[4]  A downward departure is not warranted, especially where the Court has already adjusted Plaintiff's Counsel's hourly rates to reflect the rates in the community for similar work, and Defendant does not rebut Plaintiff's claims of delay.

### D. Summary

The following table reflects the Court's adjustments to Plaintiff's requested fee award:

//
//
//
//
//

---

[4] Moreover, the hourly rates used in Arias, and which this Court adopts, appear to have been for non-contingency consumer litigation cases, (Opp'n at 8), a fact which the Arias court appears not to have considered when it denied any multiplier.  Arias Order at 7.

| Name | Position | Hours | Adjusted Rate | Fees |
|---|---|---|---|---|
| Steve Mikhov | Partner | 5.3 | $325/hour | $1722.50 |
| Amy Morse | Partner | 10.6 | $325/hour | $3445.00 |
| Daniel Kalinowski | Associate | 11.9 | $225/hour | $2677.50 |
| Kristina Sephenson-Cheang | Associate | 6.3 | $225/hour | $1417.50 |
| Mitchell Rosenweig | Associate | 2.5 | $225/hour | $562.50 |
| Deepak Devabose | Associate | 6.6 | $225/hour | $1485.00 |
| Russell Higgins | Associate | 5.6 | $225/hour | $1260.00 |
| Maite Colón | Associate | 7.9 | $225/hour | $1777.50 |
| Richard Wirtz | Managing Attorney | 1.7 | $325/hour | $552.50 |
| Amy Rotman | Senior Attorney | 14.3 | $225/hour | $3217.50 |
| Erin Barns | Senior Attorney | 12.9 | $225/hour | $2902.00 |
| Jessica Underwood | Associate | 20 | $225/hour | $4500.00 |
| Rebecca Evans | Paralegal | 15 | $200/hour | $3000.00 |
| Andrea Muñoz | Paralegal | 2.7 | $200/hour | $540.00 |
|  | **Total** | **123.4** |  | **$29,059.00** |

The Court applies a nominal lodestar multiplier of 0.3 to the total, and AWARDS attorneys' fees in the amount of **$37,776.7**.

### IV.  CONCLUSION

The Court GRANTS IN PART AND DENIES IN PART the Motion, and AWARDS attorneys' fees in the amount of **$37,776.7**.

**IT IS SO ORDERED.**